[Civ. No. 22606. Third Dist. Mar. 9, 1984.]

BRUCE A. SEYMOUR, Cross-complainant and Appellant, v.
THE STATE OF CALIFORNIA, Cross-defendant and Respondent.

COUNSEL

Dan W. Lacy and Daniel J. Custer for Cross-complainant and Appellant.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, and Geoffrey L. Graybill, Deputy Attorney General, for Cross-defendant and Respondent.

OPINION

EVANS, Acting P. J.—Cross-complainant Bruce Seymour (hereafter plaintiff) appeals from a judgment of dismissal entered after the trial court sustained without leave to amend the demurrer of cross-defendant State of California (hereafter defendant). We affirm.

In his first amended cross-complaint, plaintiff asserted two causes of action against defendant. The first cause of action charged estoppel, and was based upon assurances and representations made to plaintiff by employees of the Employment Development Department that if plaintiff could find a suitable building in the City of Modesto to house the department, defendant would lease such location from plaintiff. Relying on these representations plaintiff leased a building that was later tentatively approved by defendant's site selection committee. Plaintiff then incurred substantial expense in renovating the building to specifications provided by defendant. Plaintiff was continually reassured by employees of defendant that formal lease documents were forthcoming, but in April 1980 was told funding was no longer available to proceed with the lease arrangement as previously represented.

Plaintiff's second cause of action was for breach of contract: that defendant had entered into an oral contract with plaintiff to lease space for a period of 15 years in a building renovated by plaintiff, and in reliance thereon, plaintiff expended substantial sums to bring the building to defendant's specifications regarding the lease site.

In both causes of action, plaintiff sought damages for out-of-pocket expenses, for his own liability under the lease, and for lost profits.

Defendant demurred, asserting the cross-complaint failed to plead facts sufficient to state a cause of action against defendant; specifically, that the provisions of Government Code sections 11005, 11005.3, and others mandate no agreement to lease real property by defendant is valid unless it is in writing and approved by the Director of General Services or by an em-

ployee of the department acting on the written authority of the director. Defendant thus argued that no oral representations could be enforced, nor could estoppel be invoked, when the alleged contract had not been entered into in compliance with the statutes authorizing defendant to contract.

Following hearing and argument, the trial court sustained the demurrer without leave to amend.

## DISCUSSION

█ It is settled that the mode of contracting vested in a state agency is the measure of its power to contract and a contract made in disregard of the established mode is invalid. (*Miller* v. *McKinnon* (1942) 20 Cal.2d 83, 87-89 [124 P.2d 34, 140 A.L.R. 570]; 59 Ops.Cal.Atty.Gen. 238 (1976).) With regard to the leasing of real property by defendant, Government Code sections 11005, 11005.2, 11005.3, and 14608 provide no such lease is valid unless approved in writing by the Director of General Services.[1] Here, no such authorization was provided. The trial court did not err in sustaining the demurrer as to plaintiff's cause of action for defendant's breach of an "oral" contract to lease real property.

█ Plaintiff's claim of estoppel also fails. While plaintiff is correct in noting that in unusual cases estoppel may be applied against the government

---

[1] At the time plaintiff entered into negotiations with defendant, the applicable Government Code sections provided:

Section 11005: "Unless the Legislature specifically provides that approval is not required, . . . every contract for the acquisition or hiring of real property in fee or in any lesser estate or interest, entered into by or on behalf of the state, shall be approved by the Director of General Services. Any contract entered into in violation of this section is void. This section shall apply to any state agency which, by general or specific statute, is expressly or impliedly authorized to enter into transactions referred to in this section. . . ."

Section 11005.2: "Unless the Legislature specifically provides that approval by the Director of General Services is not required, every conveyance, contract, or agreement whereby an interest of the state in any real property is conveyed, demised, or let to any person, shall, before the conveyance, contract, or agreement is executed or entered into, be approved by the Director of General Services. Any conveyance, contract, or agreement executed or entered into in violation of this section is void. This section shall apply to any state agency which, by general or specific statute, is expressly or impliedly authorized to enter into transactions referred to in this section. . . ."

Section 11005.3: "Any state department, board, or commission may lease any real property for the use of such state agency for storage, warehouse, or office purposes provided the lease term shall not exceed two years and the total rental does not exceed three thousand dollars ($3,000). [¶] Any such lease is subject to the approval of the Department of General Services."

Section 14608: "Whenever any statute requires by the use of the word or words 'approve,' 'approval,' 'authorize,' or 'authorization,' the director of the department to approve or authorize any act or transaction, such approval or authorization shall be deemed to have been given only if given in writing by the director, the deputy director, or by some other officer or employee of the department acting pursuant to written authority of the director."

(*City of Long Beach* v. *Mansell* (1970) 3 Cal.3d 462, 496-497 [91 Cal.Rptr. 23, 476 P.2d 423]),[2] the case law demonstrates that under facts pleaded here estoppel against a government entity will not lie.

Thus, in *Santa Monica Unified Sch. Dist.* v. *Persh* (1970) 5 Cal.App.3d 945 [85 Cal.Rptr. 463], an official for the school district made a written offer to purchase property which the owner accepted in writing. The written offer was orally affirmed but not ratified or approved by the board as required by former Education Code sections 1002.5 and 15961. The board then refused to purchase the property, having decided to abandon the eminent domain proceedings which had provided the basis for the offer. The *Persh* court refused to raise an estoppel against the school district, recognizing the adverse effect upon the public interest in any device which might promote secrecy in public affairs. "If the cited sections of the Education Code demonstrate anything, they demonstrate a legislative intention that such major decisions of school boards as the purchase of school sites should be open and subject to public scrutiny." (*Id.*, at p. 953.)

In *State of California* v. *Haslett Co.* (1975) 45 Cal.App.3d 252 [119 Cal.Rptr. 78], state officers orally agreed to lease a building to Haslett, who then spent $2 million on improvements. The lease agreement was held void as violative of the statute of frauds (Civ. Code, § 1624, subd. 4) and because it had not been approved by the officer designated by statute. (Gov. Code, §§ 11005.2, 14608.) The court held these latter statutes, designed to protect the public against improvident or secret action, would be thwarted by application of an estoppel; therefore, an estoppel could not be raised to render effective the oral agreement to enter into the lease. (*Id.*, at pp. 257-258.)

*Haslett* is squarely on point. In light of plaintiff's failure to either distinguish *Haslett* or demonstrate that *Haslett* was wrongly decided, we deem *Haslett* to be dispositive of plaintiff's claim of estoppel.

Plaintiff concedes he has found no case where an estoppel has been invoked against a government entity in a commercial setting so as to require it to make payments of public funds which it had not legally committed itself to make. The reasons for the lack of supporting authority are obvious; "[T]he doctrine of estoppel is not available to ' "defeat the effective oper-

---

[2]"The government may be bound by an equitable estoppel in the same manner as a private party when the elements requisite to such an estoppel against a private party are present and, in the considered view of a court of equity, the injustice which would result from a failure to uphold an estoppel is of sufficient dimension to justify any effect upon public interest or policy which would result from the raising of an estoppel." (*City of Long Beach* v. *Mansell, supra,* 3 Cal.3d at pp. 496-497.)

ation of a policy adopted to protect the public." ' And, 'no court has expressly invoked principles of estoppel to contravene directly or indirectly any statutory or constitutional limitations.' " (*City of Fresno* v. *California Highway Com.* (1981) 118 Cal.App.3d 687, 697 [173 Cal.Rptr. 671].)[3]

Based on the foregoing, we conclude estoppel may not be raised to render effective an oral promise made by employees of defendant to enter into a lease agreement.

■ Plaintiff's attempt to state a cause of action based on a theory of quasi-contract also fails. No contract, either expressly or impliedly, could be entered into by defendant except pursuant to statutory procedures, and no liability to pay upon a quantum meruit can exist where the prohibition of the statutes against contracting in any other manner than as prescribed is disregarded. (*Reams* v. *Cooley* (1915) 171 Cal. 150, 153-154, 156-157 [152 P. 293].)

■ There is no merit in plaintiff's assertion that the trial court should have granted him leave to amend. A trial court may properly sustain a general demurrer to a complaint without leave to amend when the matter presented can be determined as a matter of law. (*City of Fresno* v. *California Highway Com., supra,* 118 Cal.App.3d at p. 699.) A copy of plaintiff's proposed second amended cross-complaint, contained in the record, demonstrates it suffers the same infirmities as the first amended cross-complaint. Plaintiff's additional allegations in support of his claim of estoppel are nothing more than an attempt to assert a cause of action for misrepresentation by certain state employees. Obviously, any claim of misrepresentation is barred by the Tort Claims Act. (See Gov. Code, § 818.8.)

The judgment of dismissal is affirmed.

Carr, J., and Couzens, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 24, 1984.

---

[3]Moreover, two essential elements of estoppel are that the party asserting the estoppel be ignorant of the true state of facts and must rely upon the other to his injury. (*City of Long Beach* v. *Mansell, supra,* 3 Cal.3d at p. 489.) Plaintiff can meet neither criteria. Persons dealing with a public agency are presumed to know the law and are bound at their peril to ascertain and follow those procedures necessary to enter into a binding contract. (See *Miller* v. *McKinnon, supra,* 20 Cal.2d at p. 89; *Bear River etc. Corp.* v. *County of Placer* (1953) 118 Cal.App.2d 684, 690 [258 P.2d 543].)

*Assigned by the Chairperson of the Judicial Council.