**Anna Marie FRANK, Plaintiff-Appellee,**

v.

**UNITED STATES of America,
Defendant-Appellant and
Related Cross-Actions.**

No. 85–2205.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1986.

Decided June 20, 1986.

Opinion Filed Aug. 19, 1986.

Bradford Baugh, Gutheil & Baugh, Mountain View, Cal., Graziella Walsh, Deputy City Atty., San Francisco, Cal., for plaintiff-appellee.

John S. Koppel, U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.

Before KENNEDY and FARRIS, Circuit Judges and D. WILLIAMS *, District Judge.

DAVID W. WILLIAMS, District Judge:

## OVERVIEW

Anna Marie Frank was injured when she tripped in a dirt planter area between a sidewalk and an adjacent building which was owned by the United States. She brought an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1982), against the United States, and the United States impleaded the City and County of San Francisco ("City"), seeking

---

* Honorable David W. Williams, Senior United States District Judge, Central District of Califor-

indemnity or contribution. The City cross-complained against the United States for indemnity or contribution and declaratory relief. The district court entered judgment for the City on the United States' third party complaint. The United States appeals.

The judgment based on the City's cross-complaint is vacated and remanded with instructions to dismiss for lack of jurisdiction. To the extent that the City sought affirmative declaratory relief based on contract, exclusive jurisdiction over the City's claim lies in the Claims Court. *See Brocklesby v. United States*, 767 F.2d 1288, 1293–94 (9th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 882, 88 L.Ed.2d 918 (1986); 28 U.S.C. §§ 1346(a)(2), 1491.

The judgment based on the United States' third party complaint is reversed and remanded to allow the district court to apportion liability between the United States and the City without relying on the hold-harmless provision in the encroachment agreement. The district court erred in holding the United States bound by the hold-harmless promise because: (1) the promise was originally made by a lessee, and a lessee lacks authority to bind his lessor in this fashion; (2) the promise was void under state law as to the original lessor, the State of California, because the State Director of General Services did not approve the promise in writing, as required by Cal.Gov't Code §§ 11005, 11005.2; and (3) the promise was void under federal law as to the United States, California's successor, because Congress never appropriated funds in connection with the promise, as required by 31 U.S.C. § 1341(a).

## FACTS

In 1962 the Haslett Warehouse owned the land where the injury occurred. In late 1962 the state of California acquired the building by condemnation, but Haslett continued in possession as a tenant, first under

nia, sitting by designation.

an oral lease, and then in 1966 under a written lease for a five-year term.

Before 1967, there was no sidewalk along the Beach Street side of the warehouse. The space was occupied by a railroad siding. In April, 1967, the Haslett Company asked the City for permission to eliminate the no-longer-used siding and construct in its place a below-grade sidewalk, including some planter areas, and a stairway and ramp along Beach Street. The Haslett Company executed a "Street Encroachment Agreement" with the City. In that agreement the City granted Haslett a revocable license to build the sidewalk, stairway, and ramp on city property. The Haslett Company agreed to maintain liability insurance and hold the City harmless with respect to any tort liability related to the new facilities. The agreement was duly recorded. Haslett's lease expired in 1971 and was not renewed. In 1977, California conveyed the warehouse to the United States by a quitclaim deed.

## DISCUSSION

The district court held the United States and the City jointly and severally liable for Frank's injuries, and awarded her over $94,000 in damages. The district court refused to apportion damages, concluding that the United States was bound by the hold-harmless provision in the 1967 encroachment agreement, and that the City was entitled to indemnity from the United States. Accordingly, the district court found for the City on the third party complaint and cross-complaint.

■ The United States contends that the City's contractual indemnity argument was a contract-based claim for affirmative relief in excess of $10,000 and that the district court lacked jurisdiction over this claim because the Claims Court has exclusive jurisdiction over such claims. The United States is in error in characterizing the City's contractual indemnity argument primarily as an affirmative claim for relief. The only affirmative relief the City sought was a judgment declaring that the City was entitled to indemnity from the United

States for any judgment Frank secured against the City. The principal function served by the City's contractual indemnity argument was as an affirmative defense to the United States' third party complaint against the City for indemnity or contribution. *See, e.g., United States v. Lockheed L–188 Aircraft*, 656 F.2d 390, 396 (9th Cir. 1979). We uphold the district court's assertion of jurisdiction to the extent that the City relied on the encroachment agreement as an affirmative defense, and reverse only to the extent that the City sought affirmative declaratory relief.

The district court held that the Haslett Company's promise to hold the City harmless was a covenant running with the land and enforcible against the United States as the Haslett Company's successor. The United States contends that the agreement was not binding under state law on the building's former owner, the State of California, and that the agreement should therefore not bind the United States as successor. It further contends that even if California was bound by the agreement, the United States is not bound by it because federal law renders the agreement a nullity as to the United States. The United States contends that the district court erred in applying California law and in applying federal law. This Court reviews questions of law *de novo*. *In re McLinn*, 739 F.2d 1395, 1403 (9th Cir.1984) (en banc) *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ A lessor cannot be bound by a promise of this type made by his lessee unless the lessor has explicitly authorized the lessee to make such a promise. The lessee's status does not make him an agent authorized to enter contracts on behalf of the lessor. A tenant in a five-year lease does not have the authority to impose on his lessor the duty to hold the City harmless for as long as the sidewalk exists. Even if Haslett's promise could have been enforced against an ordinary lessor, it is highly improbable that a California Court

would have enforced it against the State, because contracts purportedly binding the State are invalid as a matter of state law unless approved in writing by the State Director of General Services. *See Seymour v. State,* 156 Cal.App.3d 200, 203, 201 Cal.Rptr. 15, 16 (1984); Cal.Gov't Code §§ 11005, 11005.2, 14608. The City has not shown that the State Director of General Services ever authorized the Haslett Company to contract on the State's behalf or that the Director ever approved this agreement in writing. Therefore, as to the State, the agreement was void *ab initio.*

Finally, even if California was bound by the promise there is considerable doubt that the United States would be bound as a consequence of the Anti-Deficiency Act, 31 U.S.C. § 1341(a) (1982). That Act prohibits officers of the United States from involving the government in "a contract or obligation for the payment of money before an appropriation is made unless authorized by law." 31 U.S.C. § 1341(a)(1)(B). Relying on that provision the Claims Court has held that contractual indemnification clauses purporting to bind the United States are void unless Congress first appropriated the necessary funds. *See California-Pacific Utilities Co. v. United States,* 194 Ct.Cl. 703, 715 (1971) (per curiam) (holding that a hold-harmless clause unsupported by a prior appropriation would be illegal); *National Railroad Passenger Corp. v. United States,* 3 Cl.Ct. 516, 520 (1983) (enforcing a promise by the United States to reimburse Amtrak for liability premiums and payments, but only after concluding that the contract ensured that the cumulative reimbursement would not exceed the amount appropriated by Congress). We need not, however, reach this issue in light of our resolution of the other issues in this case.

The district court's judgment on the City's cross-complaint is vacated and remanded with instructions to dismiss for lack of jurisdiction. The judgment on the United States' third party complaint is reversed and remanded to allow the district court to apportion liability between the United States and the City on general principles of tort law without relying on the 1967 encroachment agreement.

Reversed and Remanded.